IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUNCAN J. MCNEIL, III, ) | |
| ) | 8:05CV0389 |
| Plaintiff, ) | |
| ) | |
| vs. ) | PRISONER PAYMENT ORDER |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a prison inmate, has filed a civil complaint and a request to proceed in forma pauperis. The court has received a certified copy of the plaintiff's trust account information. The plaintiff is permitted to proceed in forma pauperis.

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis.[1]  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

A plaintiff usually must pay an initial partial filing fee in the amount of twenty (20) percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding submission of the complaint. However, the plaintiff 's trust account statement reflects no deposits and a zero balance.

Under these circumstances, the PLRA does not require dismissal of the plaintiff's case. Instead, 28 U.S.C. § 1915(b)(4) states:

In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

---

[1]THE "THREE STRIKES" RULE**:** If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal will count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. See generally Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)," Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). Payments of the initial partial filing fee shall be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account. 28 U.S.C. § 1915(b)(1). After payment in full of the initial partial filing fee as funds exist, the remaining installments shall be collected in the usual manner, i.e.:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

THEREFORE, IT IS ORDERED:

1. That when funds exist in the plaintiff's prison trust account, the plaintiff's institution shall collect them and remit them to the court subject to the limitations set forth in this order;

2. That the Clerk of Court shall serve a copy of this order on the appropriate officer at the plaintiff's institution;

3. That the plaintiff shall keep the court informed of his current address at all times while this case is pending; and

4. That the plaintiff is requested to review the "**Notice Regarding Summons Forms**" on the next page of this Order.

DATED this 11th day of August, 2005.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge

**NOTICE REGARDING SUMMONS FORMS
FOR PLAINTIFFS WHO ARE PRO SE PRISONERS
PROCEEDING IN FORMA PAUPERIS**

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant.

Generally, the court conducts "initial review" shortly after the Clerk of Court receives the initial partial filing fee from the plaintiff. The initial partial filing fee is ordered by the court after the Clerk of Court has received the plaintiff's inmate trust account statements.

Then, after the trust account statements have been received, the initial partial filing fee has been paid, and initial review has been completed, the Clerk of Court arranges for service of process as follows:

1. The Clerk of Court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of Court. Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.


**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**