IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUNCAN J. MCNEIL, III, | ) |
| | )      8:05cv389 |
|      Plaintiff, | ) |
| | )      MEMORANDUM AND ORDER |
| vs. | ) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
|      Defendants. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Duncan J. McNeil, III, a prisoner or detainee in Spokane, Washington, when he filed the complaint. By proceeding in forma pauperis ("IFP"), the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

When three civil cases filed by a "prisoner," as defined by the Prison Litigation Reform Act ("PLRA"), have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the "three strikes" provision of the PLRA provides that the prisoner may not bring a new civil action or appeal without paying the full filing fee at the time of filing, absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Having filed many frivolous cases in the United States District Court for

the Eastern District of Washington, the plaintiff became a "three strikes" litigant in that district.  See generally McNeil v. United States, 2005 WL 1915842, *1-2 (E.D. Wash. Aug. 9, 2005).

The above-entitled case is one of many actions filed by the plaintiff nationwide, purportedly to register a foreign judgment, obtain a declaratory judgment and for various other forms of relief against federal agencies and officers.  See, e.g.,  McNeil v. United States, 2005 WL 2266089 (M.D. Pa. Sep. 16, 2005) (complaint dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); McNeil v. United States, 2005 WL 2237683 (W.D. Wis. Sep. 12, 2005) (IFP denied, motions summarily denied and case closed for failure to pay the filing fee); McNeil v. United States, 2005 WL 2105889 (N.D. Ind. Aug 30, 2005) (amended complaint dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); McNeil v. United States, 2005 WL 2002438 (E.D. Ky. Aug 18, 2005) (complaint dismissed for failure to meet the standards of Fed. R. Civ. P. 8).

As the court in the plaintiff's district of confinement noted, the plaintiff has filed a multitude of lawsuits in federal district courts around the country in order to avoid the three-strikes limitations imposed in the Eastern District of Washington.

> In yet another effort to circumvent the pre-filing review orders issued by this court, plaintiff filed an action in the United States District Court for the Middle District of Florida. That action has now been transferred here and assigned case number 05-211-AAM.  **The court further understands that plaintiff has filed complaints in up to 70 different judicial districts throughout the nation,** all of which could wind up being transferred here since proper venue does not exist in those districts and any allegation by plaintiff to the contrary is wholly frivolous.   In a vain attempt to establish venue in the Middle District of Florida, the plaintiff names as defendants numerous federal agencies located in the Middle District of Florida which have absolutely no connection to the matters involving the plaintiff in the Eastern District of Washington.

McNeil v. United States, 2005 WL 1915842, *1 (E.D. Wash. Aug. 9, 2005) (emphasis added). Initially, many of those cases were transferred to the Eastern District of Washington. More recently, however, other district courts have declined to transfer the plaintiff's cases to Washington and have simply dismissed them. See, e.g., McNeil v. United States, 2005 WL 2665264 (E.D. N.Y. Oct 19, 2005) (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)). That will be the approach taken by this court.

Because this action is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are shielded by sovereign immunity from such relief, the plaintiff's complaint, as amended, and this action are dismissed. The dismissal is with prejudice. A separate judgment will be entered accordingly.

SO ORDERED.

DATED this 25th day of October, 2005.

BY THE COURT:

/s *Richard G. Kopf*
United States District Judge